UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| **PATRICK J. HOLLON, et al.** | CIVIL ACTION NO. 3:22-CV-52-KKC |
| Plaintiffs, | |
| V. | **OPINION AND ORDER** |
| **HCA HEALTCHARE, INC., et al.** | |
| Defendants. | |

*** *** ***

This matter is before the Court on the motion to remand (R. 11) this matter to state court filed by the plaintiffs. The Court will deny the motion.

Plaintiffs do not dispute that this Court has original jurisdiction over their claims that arise under federal law. The plaintiffs argue that the removal was defective solely because defendants Franklin County Regional Jail and its jailer, Jake Banta, did not join in the notice of removal and the notice does not give any reason for their failure to join.

The Sixth Circuit has stated that the "rule of unanimity requires that in order for a notice of removal to be properly before the court, *all defendants who have been served or otherwise properly joined in the action* must either join in the removal, or file a written consent to the removal." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n.3 (6th Cir. 1999) (emphasis added). A defendant who is not properly served at the time of the notice of removal, however, need not join in it or file consent to the removal. *Farnsworth v. Nationstar Mortg.*,

LLC, 569 F. App'x 421, 425 (6th Cir. 2014); *Beasley v. Wells Fargo Bank, N.A. for Certificate Holders of Park Place Sec., Inc.*, 744 F. App'x 906, 915 (6th Cir. 2018) (stating "consent to removal need not be obtained from a defendant who 'has not been served with service of process at the time the removal petition is filed'").

In response to the motion to remand, the defendants assert that there is no evidence in the record that the jail or Jailer Banta were served with a copy of the first amended complaint, which was the operative complaint at the time of the removal, and this is why they did not join the notice of removal. In their reply, plaintiffs submit evidence that the jailer and Jailer Banta were served with the amended complaint but not until October 7, 2022, which was after this action was removed. Thus, neither the jail nor the jailer were required to join in the removal.

As to the failure of the defendants to explain in their notice of removal the reason that the jail and Banta did not join in the removal, the plaintiffs cite *Klein v. Manor Healthcare Corp.*, 1994 WL 91786, 19 F.3d 1433 (6th Cir. 1994). In a footnote in that case, the Sixth Circuit quoted a decision by the Middle District of Louisiana, stating, "A necessary corollary to 1446(a) which requires the petition for removal contain 'a short and plain statement of the facts which entitle him or them to removal' is that the removal petition must set forth the reason why a defendant named in such action has not joined the petition for removal. A petition for removal filed by less than all defendants is considered defective if it does not contain an explanation for the non-joinder of those defendants." *Id*. at *3, n.8 (quoting *Courtney v. Benedetto*, 627 F.Supp. 523 at 525–26 (M.D.La.1986)).

Nevertheless, in *Klein*, the court also determined that, because the parties did not dispute that the district court could exercise federal question jurisdiction over the plaintiff's action, it would "contravene the spirit of the more recent case law" to preclude the district court from exercising

2

that jurisdiction simply because the removing defendants failed "to strictly comply initially with the niceties of the removal procedures." *Id*. at *5. In support of this position, the court cited *Gafford v. Gen. Elec. Co.*, 997 F.2d 150 (6th Cir. 1993), abrogated on other grounds by *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), in which the Sixth Circuit stated, "If and to the extent that GE's petition for removal was technically deficient in its assertion of its principal place of business, it was cured by subsequent information GE supplied to the district court and entered into the record of this case." *Id*. at 164. In a later case, the Sixth Circuit stated that the rule of unanimity was satisfied when one defendant who had not signed the removal later filed pleadings in which his consent to the removal became clear. In that case, after the notice of removal was filed, the defendant who had not signed it filed an answer asserting that federal district court was the proper jurisdiction and venue for the case and then filed an opposition to the plaintiff's motion to remand the case to state court. *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 202 (6th Cir. 2004). The court held that these filings "cured any purported defect in the removal petition." *Id*.

    Here too, to the extent that the notice of removal was technically deficient for failing to explain why the consent of the unserved defendants was not required, the removing defendants have cured this deficiency with an explanation now entered into the record of the case. (R. 13, Response.) The plaintiffs seem to recognize that this, stating in their reply brief that they have no objection to this case remaining in this Court.

    Accordingly, the Court hereby ORDERS that the motion to remand (R. 11) is DENIED.

    This 27th day of January, 2023.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY