**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**FRANKFORT**

| | |
|---|---|
| **PATRICK J. HOLLON, et al.** | **CIVIL ACTION NO. 3:22-CV-52-KKC** |
| **Plaintiffs,** | |
| **V.** | **OPINION AND ORDER** |
| **HCA HEALTCHARE, INC., et al.** | |
| **Defendants.** | |

*** *** ***

This matter is before the Court on a motion (R. 41) by plaintiff Patrick J. Hollon that asks the Court to order that defendant Frankfort Hospital, Inc. immediately produce all surveillance footage taken by security cameras belonging to the hospital that depicts certain events that occurred on June 16, 2022. Because the plaintiff has not provided good cause for such expedited discovery, the Court will deny the motion.

There are several motions to dismiss pending in this action. For this reason, the Court has not ordered the parties to conduct a scheduling conference and the parties have not filed a joint report proposing a discovery plan pursuant to Federal Rule of Civil Procedure 26(f)(2). Parties are generally prohibited from requesting discovery before the Rule 26(f) conference. Fed. R. Civ. P. 26(d). However, Rule 26(d) vests this Court with the discretion to order expedited discovery. The party seeking the expedited discovery bears the burden of showing good cause for this

departure from the usual discovery process. *See Russell v. Lumpkin*, 2010 WL 1882139, at *2 (S.D.Ohio 2010); *Giltnane v. Tennessee Valley Auth*., 2009 WL 230594, at *2 (E.D.Tenn.2009); *Psychopathic Records Inc. v. Anderson*, 2008 WL 4852915, at *1 (E.D.Mich.2008). Requests for expedited discovery should be appropriately narrow and targeted. *Johnson v. U.S. Bank Nat. Ass'n*, 2009 WL 4682668, at *1 (S.D.Ohio 2009).

In his complaint, Hollon asserts that he was negligently treated by the staff at the hospital on the evening of June 16, 2022 and that the staff also committed assault and battery and caused him to be wrongfully arrested. Hollon asserts various state and federal claims against multiple defendants including the hospital, the Frankfort Police Department, and the Franklin County Regional Jail.

Hollon asserts that he is entitled to the immediate production of surveillance footage depicting events at the hospital on June 16, 2022 pursuant to the Health Insurance Portability Act and Accountability Act, 42 U.S.C. § 1320d *et seq*. ("HIPPA") and because 1) the footage is necessary to identify the defendants named as "Doe" in the complaint; 2) the footage is necessary to assess whether certain defendants should be dismissed; 3) the footage may be "disclosed, lost, or altered" (R. 41, Mem. at 13); 4) the footage will help Hollon overcome his emotional distress; and 4) of the "great public interest" in viewing the footage. (R. 41, Mem. at 14, 19.)

As to Hollon's need to identify the Doe defendants, he points out that Federal Rule of Civil Procedure 4(m) provides that if a defendant is not served within 90 days of the complaint being filed, the Court must dismiss the action against that defendant or order that service be made within a specified time. However, if Hollon is unable to identify the Doe defendants within that time frame, he may ask for an extension of time to serve them on that basis. Further, the Court will order that the parties propose in their joint report, to be filed after any Rule 26(f) scheduling

conference, a deadline for identifying the Doe defendants and the Court will set such a deadline in its scheduling order.

Hollon also asserts that the footage may identify defendants who should be dismissed. If so, Hollon may move to voluntarily dismiss those defendants after he receives the footage.

As to Hollon's right to the footage under HIPAA, generally, an individual has a right to access and obtain a copy of "protected health information about the individual in a designated record set." 45 C.F.R. § 164.524(a)(1). A designated record set is, "A group of records maintained by or for a covered entity that is:

> (i) The medical records and billing records about individuals maintained by or for a covered health care provider;
> (ii) The enrollment, payment, claims adjudication, and case or medical management record systems maintained by or for a health plan; or
> (iii) Used, in whole or in part, by or for the covered entity to make decisions about individuals.

45 C.F.R. § 164.501(1).

Based on the facts presented, the Court cannot find that the surveillance footage is "protected health information. . . in a designated record set."

Hollon asserts that the surveillance footage is "not secure and may be disclosed, lost or altered." (R. 41, Mem. at 13.) To the extent this is a concern, the Court will order the hospital to maintain in a secure location any surveillance footage, video, or film depicting Hollon or otherwise relevant to this action and will prohibit the hospital from altering it or disclosing it to any third parties unless required to do so by law or a court order.

As to Hollon's medical need for the footage, he presents no supporting evidence. As to Hollon's argument that the Court should order the hospital to produce the surveillance footage to him because of the public interest in the events in question, he provides no reason why this

requires a departure from the Court's usual discovery process.

Hollon complains that the defendants have refused to conduct a Rule 26(f) conference until the Court has resolved the motions to dismiss. This is the correct way to proceed. The Court cannot set a scheduling conference or otherwise rule on substantive matters in this action until it resolves the motions to dismiss, some of which object to this Court's jurisdiction.

For all these reasons, the Court hereby ORDERS as follows:

1) the plaintiffs' motion for early discovery (DE 41) is DENIED;
2) Frankfort Hospital, Inc. SHALL maintain in a secure location any surveillance footage, film or video depicting Hollon on the evening of June 16, 2022 or that is otherwise relevant to this action. Frankfort Hospital, Inc. SHALL NOT alter any such material. or disclose it to third parties unless required to do so by law or court order; and
3) any joint report filed by the parties after any Rule 26(f) scheduling conference SHALL INCLUDE a deadline for the plaintiff to name the Doe defendants.

This 30th day of January 2023

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF KENTUCKY

Karen K. Caldwell

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY