UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| **PATRICK J. HOLLON,** *et al.*<br><br>    Plaintiffs,<br><br>V.<br><br>**HCA HEALTCHARE, INC.,** *et al.*<br><br>    Defendants. | CIVIL ACTION NO. 3:22-CV-52-KKC<br><br><br><u>**OPINION AND ORDER**</u> |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the plaintiffs' motion to file a second amended complaint (DE 71). For the following reasons, the Court will grant the motion.

Plaintiff Patrick Hollon alleges that, on the night of June 15 or early morning of June 16, 2022, he became extremely ill while working the night shift at his job at Audia International, Inc. in Frankfort, Kentucky. (DE 1-2, Complaint, ¶ 30.) It was 93 degrees at Patrick's workplace, and he became confused and dizzy. (DE 1-2, Complaint, ¶ 30.) At about 2:00 a.m., some coworkers packed him in ice and called 911 for an ambulance. (DE 1-2, Complaint, ¶ 30.)

The ambulance delivered him to Frankfort Regional Medical Center at about 2:30 a.m. on June 16, 2022. (DE 1-2, Complaint, ¶ 32.) The plaintiffs allege that the EMTs told the Medical Center staff that Patrick was suffering from a heatstroke. The Medical Center staff nevertheless misdiagnosed Patrick as suffering from a drug overdose. (DE 1-2, Complaint, ¶ 32.) According to the plaintiffs, the staff ridiculed Patrick and gave him Narcan, a drug prescribed for opioid

overdoses. (DE 1-2, Complaint, ¶ 33.)

After administering Narcan, the Medical Center staff discharged Patrick, but he was in a "collapsed and semi-conscious state," unaware of where he was, and unable to leave. (DE 1-2, Complaint, ¶¶ 34-35.) The Medical Center staff called the Frankfort Police Department, asking that Patrick be arrested for trespassing. (DE 1-2, Complaint, ¶ 35.) The plaintiffs allege that the officers who arrived arrested Patrick and used excessive force in transporting him to the Franklin County Jail. (DE 1-2, Complaint, ¶ 38.) Plaintiffs allege that, while Patrick was in jail, his condition worsened, and jail staff failed to provide necessary medical care. (DE 1-2, Complaint, ¶ 39.)

The jail released Patrick at about 5:30 p.m. on June 16, 2022. His father picked him up and took him to Georgetown Hospital, where the staff diagnosed heat stroke. Patrick was intubated, placed on a ventilator, and put in a medically induced coma. He was released from the hospital on June 20, 2022 but was not cleared to work until July 5, 2022. (DE 1-2, Complaint, ¶ 43.)

Patrick, his wife, mother, and father then filed a complaint in Franklin Circuit Court, which the plaintiffs amended once while the matter was still in state court. The First Amended Complaint asserted claims against four groups of defendants: 1) the Medical Center, certain of its officers and directors, and certain employees of the Medical Center or individuals who work there; 2) HCA Healthcare, Inc. (which the plaintiffs assert owns and operates the Medical Center), certain of HCA Healthcare, Inc.'s officers or directors, and its subsidiary HCA Inc.; 3) the Frankfort Police Department and certain of its law enforcement officers; and 4) the Franklin

2

County Regional Jail and certain of its employees.

Certain defendants removed the action to this Court. Since removal, the defendants have filed ten motions aimed at dismissing various claims asserted in the First Amended Complaint.

Plaintiffs filed this motion to amend their complaint for a second time. With their motion to amend the complaint, Plaintiffs' counsel filed an accompanying affidavit in which he states that the second amended complaint names additional defendants who he only recently identified.

The tendered second amended complaint names all of the defendants named in the original complaint with two exceptions. Instead of the "Frankfort Police Department" and the "Franklin County Jail," the new complaint adds the City of Frankfort and Franklin County as defendants. The complaint would also add West Kentucky Correctional Healthcare, II, LLC ("West Kentucky") as a defendant. Finally, it would add 37 new individuals who work for the Medical Center, the jail, or West Kentucky.

Pursuant to Federal Rule of Civil Procedure 15, the Court must "freely" give the plaintiff leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). In determining whether justice requires the amendment, the Court should consider the circumstances, including "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the amendment." *Pittman ex rel. Sykes v. Franklin*, 282 F. App'x 418, 425 (6th Cir. 2008) (quoting *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001)).

Rule 21 may also be at issue here because the plaintiffs seek to add new defendants. That rule provides that parties can be added to an action "at any time, on just terms." Fed. R. Civ. P.

3

21. The Sixth Circuit "has not determined whether Rule 21 or Rule 15 controls the amendment of a pleading where the amendment seeks to add parties to the action." *Broyles v. Correctional Med. Servs., Inc.*, 2009 WL 3154241, *3 (6th Cir.2009). "However, at this stage of this case, 'the standards for adding parties are the same under both Rule 15 and Rule 21, because the plaintiff is required to obtain leave of court under both Rules.'" *Dura Glob. Techs., Inc. v. Magna Donnelly Corp.,* No. 2:07-CV-10945, 2011 WL 4532875, at *2 (E.D. Mich. Sept. 30, 2011) (quoting Moore's Fed. Practice, § 115.16[1] (3d ed.2011)).

  The Court cannot find that this proposed amendment is made in bad faith. Further, this is the first attempt to amend the complaint since its removal to this Court. The City of Frankfort and its employees (together, the "City of Frankfort") argue that the plaintiffs unduly delayed in moving to file the second amended complaint. The City of Frankfort argues that plaintiffs have had bodycam footage and dashcam footage and medical records since nearly the beginning of the case that could have identified all of the newly named defendants. Plaintiffs deny that this is the case. Regardless, discovery has not even commenced in this action due to the multiple motions to dismiss. There is not yet a scheduling order in this case and, thus, no deadline to add new parties has been set. The Court cannot find that a motion to amend filed at this point in the litigation is unduly delayed. For the same reason, the Court cannot find that the defendants would be unduly prejudiced by the addition of new defendants at this time.

  HCA Healthcare, Inc., HCA Inc., Samuel Hazen, and John Frank III object to the motion to amend because it continues to name them as defendants even though, by prior order, the Court dismissed the claims against them for lack of personal jurisdiction. The Court will order that the

claims against these defendants asserted in the Second Amended Complaint remain dismissed without prejudice for the reasons stated in the Court's prior opinion.

     Various of the defendants also argue that the Court should deny the motion to amend the complaint because the proposed amendments are futile. A proposed amendment is futile if it would not withstand a motion to dismiss for failure to state a claim. *Rose v. Hartford Underwriters Inc., Co.*, 203 F.4d 417, 420 (6th Cir. 2000). For their futility arguments, the defendants adopt by reference the arguments made in their various motions to dismiss the First Amended Complaint. None of those motions to dismiss, however, seeks to dismiss all of the claims made in the First Amended Complaint or the Second Amended Complaint. Moreover, some of the motions to dismiss are filed by entities who are no longer named in the Second Amended Complaint.

     Rather than resolving whether the claims asserted in the Second Amended Complaint are viable by reference to the multiple prior motions filed by parties named in the First Amended Complaint, the Court will permit the plaintiffs to file the Second Amended Complaint. This will allow the defendants named in that complaint to present their futility arguments through a motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure that is addressed directly to the Second Amended Complaint. *See United States ex. rel. Griffth v. Conn*, No. 11-157, 2015 WL 8682294, at *3 (E.D. Ky. Dec. 11, 2015) ("The proper vehicle to address an amendment that is subject to dismissal—but not *clearly* so—is a standalone motion to dismiss, rather than a motion for leave to amend a complaint."); *PFS HR Sols., LLC v. Black Wolf Consulting, Inc*., No. 1:17-CV-277-JRG-SKL, 2018 WL 5263031, at *3 (E.D. Tenn. June 28, 2018) ("Such futility

5

arguments are likely better addressed after Plaintiff's amended complaint is in place.");
*Christison v. Biogen Idec Inc.*, No. 2:11-CV-01140-DN-DBP, 2016 WL 3546242, at *4 (D. Utah June 23, 2016) (collecting cases) ("Several courts have wisely declined to engage in a futility analysis at the motion to amend phase.")

Thus, in light of the current posture of this case, the Court concludes that amendment is proper under the liberal standards of Rules 15 and 21.

For all these reasons, the Court hereby ORDERS as follows:

1) The motion by the plaintiffs to file a Second Amended Complaint (DE 71) is GRANTED.

2) The Clerk of the Court is DIRECTED to file the tendered Second Amended Complaint (DE 71-2) into the record.

3) The claims asserted in the Second Amended Complaint against HCA Healthcare, Inc., HCA Inc., Samuel N. Hazen, and John M. Franck are DISMISSED without prejudice for the reasons stated in the Court's May 16, 2023 Opinion and Order (DE 72, Opinion).

4) The following motions are DENIED as moot:

    a. Motion for Partial Dismissal filed by Frankfort Police Department and its employees (DE 5);

    b. Motion to Dismiss (DE 14) the Hollon parents' claims filed by the Medical Center and its employees;

    c. Motion for Judgment on the Pleadings (DE 15) filed by the Medical Center and its employees;

    d. First Motion to Dismiss (DE 42) filed by Jake Banta;

    e. The Motion to Dismiss (DE 44) claims under 42 U.S.C. § 1983 and the Kentucky Civil Rights Act filed by HCA Inc., HCA Healthcare, Inc. the Medical Center and its employees;

    f. Plaintiffs' request for judicial notice in further opposition to motion to dismiss (DE 61);

    g. Motion to Strike (DE 64) filed by Jake Banta;

    h. Motions for Joinder (DE 69, 76) filed by David Muncy;

    i. Motion to Dismiss (DE 78) filed by Franklin County Jail; and

    j. Motion to Quash Summons and second Motion to Dismiss (DE 79) filed by Jailer Banta.

5) Defendants may reassert any of the arguments made in the motions set forth in paragraph 4 and may also assert any other appropriate arguments for dismissal of or judgment on the Second Amended Complaint as provided in the Federal Rules of Civil Procedure.

August 7, 2023



KAREN K. CALDWELL  
UNITED STATES DISTRICT JUDGE  
EASTERN DISTRICT OF KENTUCKY