UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

PATRICK J. HOLLON, *et al.*

    Plaintiffs,

V.

HCA HEALTHCARE, INC., *et al.*

    Defendants.

CIVIL ACTION NO. 3:22-CV-52-KKC

OPINION AND ORDER

*** *** ***

This matter is before the Court on a motion to dismiss (DE 87) the plaintiffs' Second Amended Complaint filed by defendant Jacob Banta in his official and individual capacities.

Plaintiff Patrick Hollon alleges that, on the night of June 15 or early morning of June 16, 2022, he became extremely ill while working the night shift at his job at Audia International, Inc. in Frankfort, Kentucky. (DE 82, Complaint, ¶ 37.)  It was 93 degrees at Patrick's workplace, and he became confused and dizzy. (DE 82, Complaint, ¶ 37.) At about 2:00 a.m., some coworkers packed him in ice and called 911 for an ambulance. (DE 82, Complaint, ¶ 37.)

The ambulance delivered him to Frankfort Regional Medical Center at about 2:30 a.m. on June 16, 2022. (DE 82, Complaint, ¶ 39.) The plaintiffs allege that the EMTs told the Medical Center staff that Patrick was suffering from a heatstroke. The Medical Center staff nevertheless misdiagnosed Patrick as suffering from a drug overdose. (DE 82, Complaint, ¶ 38-39.) According to the plaintiffs, the staff ridiculed Patrick and gave him Narcan, a drug prescribed for

opioid overdoses. (DE 1-2, Complaint, ¶ 40.)

After administering Narcan, the Medical Center staff discharged Patrick, but he was in a "collapsed and semi-conscious state," unaware of where he was, and unable to leave. (DE 82, Complaint, ¶¶ 41-42.) The Medical Center staff called the Frankfort Police Department, asking that Patrick be arrested for trespassing. (DE 82, Complaint, ¶ 42.) The plaintiffs allege that the officers who arrived arrested Patrick and used excessive force in transporting him to the Franklin County Jail. (DE 82, Complaint, ¶ 45.) Plaintiffs allege that, while Patrick was in jail, his condition worsened, and jail staff failed to provide necessary medical care. (DE 82, Complaint, ¶ 46.) Plaintiffs allege that jail personnel also used excessive force on Patrick after he was involved in an altercation with another inmate. (DE 82, Complaint, ¶ 53.)

The jail released Patrick at about 5:30 p.m. on June 16, 2022. His father took him to Georgetown Hospital, where the staff diagnosed heat stroke. Patrick was intubated, placed on a ventilator, and put in a medically induced coma. He was released from the hospital on June 20, 2022 but was not cleared to work until July 5, 2022. (DE 82, Complaint, ¶ 55.)

Patrick, his wife, mother, and father then filed a complaint in Franklin Circuit Court. The case was removed to this Court. The operative complaint is now the plaintiffs' Second Amended Complaint. It asserts claims against five  groups of defendants: 1) the Medical Center, certain of its officers and directors, and certain employees of the Medical Center or individuals who work there; 2) HCA Healthcare, Inc. (which the plaintiffs assert owns and operates the Medical Center) and certain of its officers and directors; 3) the City of Frankfort, Kentucky and certain Frankfort Police Department law enforcement officers; 4) Franklin County and certain

employees of the Franklin County Jail; and 5) West Kentucky Correctional Healthcare, II, LLC
(which the plaintiff asserts provides healthcare to inmates at the Franklin County Jail) and three
of its nurse employees.

Various of these defendants have moved to dismiss the claims against them. Currently
before the Court is the motion by Franklin County Jailer Jake Banta to dismiss all the claims
against him, arguing that he was not properly served with a copy of the First Amended
Complaint, which was initially filed in state court.  The parties agree that the First Amended
Complaint was the first complaint that named Banta as a defendant. Even though the plaintiffs
did not put his name in the caption of the complaint, the body of the complaint included
allegations against Banta.

The First Amended Complaint was filed on September 26, 2022 in state court. Just a few
days after the First Amended Complaint was filed, the defendants who had been properly served
removed the action to this Court.

Federal Rule of Civil Procedure 4(m) is the rule that governs when the plaintiff must
serve a defendant with a complaint. It provides, in relevant part, as follows:

> If a defendant is not served within 90 days after the complaint is filed, the
> court – on motion or on its own after notice to the plaintiff – must dismiss
> the action without prejudice against that defendant or order that service
> be made within a specified time. But if the plaintiff shows good cause for
> the failure, the court must extend the time for service for an appropriate
> period.

Fed. R. Civ. P. 4(m).

Plaintiffs make a couple of arguments in response to the motion to dismiss. They argue
that they met Rule 4(m)'s 90-day deadline because, with the Court's permission, they filed a

3

Second Amended Complaint, and served Banta within 90 days of that complaint being filed. The Second Amended Complaint was filed on August 7, 2023. It was served on Banta on September 11, 2023. (DE 100-1, Proof of Service.) Banta does not argue that this service was improper.

Filing an amended complaint, however, does not restart Rule 4(m)'s 90-day clock with respect to defendants already named in the prior complaint. *Harris v.* Cleveland, 7 F. App'x 452, 456 (6th Cir. 2001) ("A plaintiff cannot extend the service period with respect to an already-named defendant by filing an amended complaint naming additional defendants."); *Del Raine v. Carlson*, 826 F.2d 698, 705 (7th Cir. 1987) ("We do not believe, however, that the order [allowing the complaint to be amended] started the [Rule 4(m) clock] running again from the date when the amended complaint was filed. The purpose of allowing complaints to be amended is to enable the pleadings to be conformed to the developing evidence rather than to extend the time for service indefinitely.").

Thus, the question is whether Plaintiffs properly served the First Amended Complaint on Banta within Rule 4(m)'s 90-day deadline. The plaintiffs attempted to serve the First Amended Complaint on Banta twice after the case was removed to this Court with summonses purported to be issued by either the state court or this Court. The first such attempt occurred on December 19, 2022. The second occurred on June 16, 2023. Banta, however, has presented sufficient evidence that the state court never issued a summons directed at Banta while the case was pending there. As for this Court, the record does not reflect that this Court issued a summons directed at Banta until after the Second Amended Complaint was filed, which was after the June 16, 2023 attempted service. (DE 85, Summonses).  Accordingly, the Court cannot find that either of these

4

attempts at serving the First Amended Complaint complied with Federal Rule of Civil Procedure 4. Fed. R. Civ. P. 4(a), (b).

In cases that are removed, Rule 4(m)'s 90-day clock begins on the date of removal. *Medlen v. Estate of Meyers*, 273 F. App'x 464, 470 (6th Cir. 2008); *Rose v. Lake Cumberland Reg'l Hos*p., 2021 WL 7286277, at *7 (E.D. Ky. Sept. 30, 2021.) This case was removed on September 29, 2022. Plaintiffs did not properly serve Banta until September 11, 2023, when they served Banta with the Second Amended Complaint and a valid summons issued by the Clerk of the Court. (DE 100-1, Proof of Service.) Thus, the Court cannot find that plaintiffs properly served Banta within Rule 4(m)'s 90-day deadline.

Where service is not within the Rule 4(m)-deadline, the rule provides that the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." It further provides that, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Plaintiffs have not shown good cause for their failure to serve Banta within the 90-day period. Good cause means "a reasonable, diligent effort" at proper service. *Savoie v. City of E. Lansing, Michigan*, No. 21-2684, 2022 WL 3643339, at *4 (6th Cir. Aug. 24, 2022) (citation omitted). "[C]ounsel's inadvertent failure or half-hearted efforts to serve a defendant" is not good cause. *Id* (citation omitted). "Nor does actual notice of service or a lack of prejudice to the defendant constitute good cause." *Id*. (citations omitted.) Good cause is "something outside the plaintiff's control [that] prevents timely service" like the defendant evading service, a court

error, or the plaintiff's serious illness. *Id*. Plaintiffs point to no such circumstances that prevented them from timely serving Banta. They assert that Banta was attempting to evade service, but present no supporting evidence.

Thus, Rule 4(m) does not require the Court to grant the plaintiffs extra time to effect service. The Court, however, still has discretion to allow late service instead of dismissing the case without prejudice. *Id*. In making this determination, the Court should consider seven factors:

> (1) whether an extension of time would be well beyond the timely service of process;
> (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;
> (3) whether the defendant had actual notice of the lawsuit;
> (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;
> (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;
> (6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and
> (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Id.* at *5.

Banta agrees that the second, third, and fourth factors weigh in favor of granting the extension: Banta would suffer no relevant prejudice if the Court grants the extension; he had actual notice of the lawsuit long before proper service; and, if the Court does not grant the extension, plaintiffs' claims would be time barred. Banta argues that the remaining four factors, however, weigh in favor of dismissing the claim against him. The Court agrees that the first, fifth, and sixth factors weigh against granting the extension. However, the Court finds that other

factors tip the scales in favor of granting the extension. In this circuit, there is a well-established preference for deciding cases on the merits rather than on procedural deficiencies. *Reedy on behalf of D.R. v. Huron Sch. Dist.*, No. 2:23-CV-10221, 2024 WL 199543, at *4 (E.D. Mich. Jan. 18, 2024) (citing *Buck v. United States Dep't of Agric.*, 960 F.2d 603, 607 (6th Cir. 1992); *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. Apr. 29, 2002)). Moreover, no scheduling order has been entered in this case, discovery has not commenced, the Court has made no substantive rulings, and Banta concedes he will not suffer any prejudice by the extension. Moreover, the operative amended complaint in this action is now the Second Amended Complaint, and the plaintiffs properly served a copy of that complaint on Banta.

For all these reasons, the Court hereby ORDERS that Banta's motion to dismiss (DE 87) is DENIED.

February 14, 2024

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

7