UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| **PATRICK J. HOLLON,** *et al.* | CIVIL ACTION NO. 3:22-CV-52-KKC |
| Plaintiffs, | |
| V. | **OPINION AND ORDER** |
| **HCA HEALTCHARE, INC.,** *et al*. | |
| Defendants. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on a motion to dismiss (DE 110) Plaintiffs' Second Amended Complaint or, alternatively, to quash Plaintiffs' attempted service of the Second Amended Complaint on the County's staff administrator filed by defendant Franklin County.

Plaintiff Patrick Hollon alleges that, on the night of June 15 or early morning of June 16, 2022, he became extremely ill while working the night shift at his job at Audia International, Inc. in Frankfort, Kentucky. (DE 82, Complaint, ¶ 37.) It was 93 degrees at Patrick's workplace, and he became confused and dizzy. (DE 82, Complaint, ¶ 37.) At about 2:00 a.m., some coworkers packed him in ice and called 911 for an ambulance. (DE 82, Complaint, ¶ 37.)

The ambulance delivered him to Frankfort Regional Medical Center at about 2:30 a.m. on June 16, 2022. (DE 82, Complaint, ¶ 39.) Plaintiffs allege that the EMTs told the Medical Center staff that Patrick was suffering from a heatstroke. The Medical Center staff nevertheless misdiagnosed Patrick as suffering from a drug overdose. (DE 82, Complaint, ¶ 38-39.)

According to Plaintiffs, the staff ridiculed Patrick and gave him Narcan, a drug prescribed for opioid overdoses. (DE 1-2, Complaint, ¶ 40.)

After administering Narcan, the Medical Center staff discharged Patrick, but he was in a "collapsed and semi-conscious state," unaware of where he was, and unable to leave. (DE 82, Complaint, ¶¶ 41-42.) The Medical Center staff called the Frankfort Police Department, asking that Patrick be arrested for trespassing. (DE 82, Complaint, ¶ 42.) Plaintiffs allege that the officers who arrived arrested Patrick and used excessive force in transporting him to the Franklin County Jail. (DE 82, Complaint, ¶ 45.) Plaintiffs allege that, while Patrick was in jail, his condition worsened, and jail staff failed to provide necessary medical care. (DE 82, Complaint, ¶ 46.) Plaintiffs allege that jail personnel also used excessive force on Patrick after he was involved in an altercation with another inmate. (DE 82, Complaint, ¶ 53.)

The jail released Patrick at about 5:30 p.m. on June 16, 2022. His father took him to Georgetown Hospital, where the staff diagnosed heat stroke. Patrick was intubated, placed on a ventilator, and put in a medically induced coma. He was released from the hospital on June 20, 2022, but was not cleared to work until July 5, 2022. (DE 82, Complaint, ¶ 55.)

Patrick, his wife, mother, and father then filed a complaint in Franklin Circuit Court. The case was removed to this Court. The operative complaint is now Plaintiffs' Second Amended Complaint. It asserts claims against five groups of defendants: 1) the Medical Center, certain of its officers and directors, and certain employees of the Medical Center or individuals who work there; 2) HCA Healthcare, Inc. (which Plaintiffs assert owns and operates the Medical Center) and certain of its officers and directors; 3) the City of Frankfort, Kentucky and certain Frankfort

Police Department law enforcement officers; 4) Franklin County and certain employees of the Franklin County Jail; and 5) West Kentucky Correctional Healthcare, II, LLC (which Plaintiffs assert provides healthcare to inmates at the Franklin County Jail) and three of its nurse employees.

Various of these defendants have moved to dismiss the claims against them. Currently before the Court is the motion by Franklin County to dismiss all the claims against it in the Second Amended Complaint. The County argues that it was not properly served with a copy of the Second Amended Complaint. Plaintiffs served the summons addressed to Franklin County on "Robert Hewitt, Staff Administrator." (DE 104-1, Proof of Service.) This is not proper service under the Federal Rules of Civil Procedure, which provide that a state or local government must be served by delivering a copy of the summons and complaint to its chief executive officer or by serving in a manner prescribed by state law. Fed. R. Civ. P. 4(j). Kentucky law provides that "[s]ervice shall be made upon a county by serving the county judge or, if he is absent from the county, the county attorney." Ky. R. Civ. P. 4.04(7).

In their response, Plaintiffs submit an affidavit stating that, on November 2, 2023, after receiving the County's motion to dismiss, they successfully served County Judge Executive Michael Mueller with a copy of the summons and Second Amended Complaint. (DE 117, Response at 2-3; DE 117-1, Affidavit of Service.)

In its reply, the County does not dispute that it has now been properly served with a copy of the Second Amended Complaint. It argues, however, that service was untimely under Federal Rule of Civil Procedure 4(m). That rule provides, in relevant part, as follows:

3

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Plaintiffs served the Second Amended Complaint within the 90 days prescribed by Rule 4(m). The Second Amended Complaint was filed on August 7, 2023. It was served on the County on November 2, 2023. (DE 117-1, Affidavit of Service.)

In its reply brief, however, the County correctly argues that the 90-day clock under Rule 4(m) should start running on the date this action was removed. This is because the County was first named as a defendant in the First Amended Complaint, which was filed in state court prior to removal. That complaint did not explicitly name Franklin County as a defendant, but it named Franklin County Jailer Roger Banta in both his "individual" and "official" capacities. It is well established that a suit against a county official in his official capacity is the same as a suit against the county. *See Matthews v.* Jones, 35 F.3d 1046, 1049 (6ht Cir. 1994).

Because the County was named as a defendant in the First Amended Complaint filed in state court prior to removal, Rule 4(m)'s 90-day clock started running on the date that this case was removed. *Medlen v. Estate of Meyers*, 273 F. App'x 464, 470 (6th Cir. 2008); *Rose v. Lake Cumberland Reg'l Hos*p., 2021 WL 7286277, at *7 (E.D. Ky. Sept. 30, 2021.)

The 90-day clock did not start again with the filing of the Second Amended Complaint. Filing an amended complaint does not restart Rule 4(m)'s 90-day clock with respect to defendants already named in the prior complaint. *Harris v.* Cleveland, 7 F. App'x 452, 456 (6th

4

Cir. 2001) ("A plaintiff cannot extend the service period with respect to an already-named defendant by filing an amended complaint naming additional defendants."); *Del Raine v. Carlson*, 826 F.2d 698, 705 (7th Cir. 1987) ("We do not believe, however, that the order [allowing the complaint to be amended] started the [Rule 4(m) clock] running again from the date when the amended complaint was filed. The purpose of allowing complaints to be amended is to enable the pleadings to be conformed to the developing evidence rather than to extend the time for service indefinitely.") There is no evidence that Plaintiffs ever properly served the County with a copy of the First Amended Complaint.

Where service is not within the Rule 4(m)-deadline, the rule provides that the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." It further provides that, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Plaintiffs have not shown good cause for their failure to serve the County within the 90-day period. Good cause means "a reasonable, diligent effort" at proper service. *Savoie v. City of E. Lansing, Michigan*, No. 21-2684, 2022 WL 3643339, at *4 (6th Cir. Aug. 24, 2022) (citation omitted). "[C]ounsel's inadvertent failure or half-hearted efforts to serve a defendant" is not good cause. *Id* (citation omitted). "Nor does actual notice of service or a lack of prejudice to the defendant constitute good cause." *Id*. (citations omitted.) Good cause is "something outside the plaintiff's control [that] prevents timely service" like the defendant evading service, a court error, or the plaintiff's serious illness. *Id*. Plaintiffs point to no such circumstances that prevented

5

them from timely serving the County. In fact, Plaintiffs do not even argue they had good cause for failing to timely serve the County.

Thus, Rule 4(m) does not *require* the Court to grant Plaintiffs extra time to effect service. The Court, however, still has *discretion* to allow late service instead of dismissing the case without prejudice. *Id*. In making this determination, the Court should consider seven factors:

> (1) whether an extension of time would be well beyond the timely service of process;
> (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;
> (3) whether the defendant had actual notice of the lawsuit;
> (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;
> (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;
> (6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and
> (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Id.* at *5.

The County agrees that the second, third, and fourth factors weigh in favor of granting the extension: the County would suffer no relevant prejudice if the Court grants the extension; the County had actual notice of the lawsuit long before proper service; and, if the Court does not grant the extension, Plaintiffs' claims would be time barred. The County argues that the remaining four factors, however, weigh in favor of dismissing the claims against it. The Court agrees that the first, fifth, and sixth factors weigh against granting the extension. However, the Court finds that other factors tip the scales in favor of granting the extension.

In this circuit, there is a well-established preference for deciding cases on the merits rather than on procedural deficiencies. *Reedy on behalf of D.R. v. Huron Sch. Dist.*, No. 2:23-CV-10221, 2024 WL 199543, at *4 (E.D. Mich. Jan. 18, 2024) (citing *Buck v. United States Dep't of Agric.*, 960 F.2d 603, 607 (6th Cir. 1992); *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. Apr. 29, 2002)). Moreover, no scheduling order has been entered in this case, discovery has not commenced, and the Court's rulings have thus far largely resolved only the multiple motions to dismiss. The County concedes that it will not suffer any prejudice by the extension. Moreover, the operative amended complaint in this action is now the Second Amended Complaint, and there is no dispute that Plaintiffs properly served a copy of that complaint on the County.

Thus, the Court will deny the County's motion to dismiss the claims against it. As to the alternative relief, the County requests that the Court quash the initial service of process of the Second Amended Complaint on Robert Hewitt, the County's staff administrator. (DE 110, Motion at 4.) The Court will deny this portion of the motion as moot, Plaintiffs having subsequently successfully served the County.

For all these reasons, the Court hereby ORDERS that the County's motion to dismiss (DE 110) is DENIED and its motion to quash service of process on Robert Hewitt (DE 110) is DENIED as moot.

This 12th day of June, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY